UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| POWERS PRINTING CO., INC., <br><br> Plaintiff/Defendant-in-Counterclaim, <br><br> v. <br><br> AGFA CORPORATION and XPEDX, <br><br> Defendants/Plaintiffs-in-Counterclaim. | CIVIL ACTION <br> NO. 04-CV-12041-REK |

**MOTION FOR DEFAULT JUDGMENT**
**BY DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM, XPEDX**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, defendant/plaintiff-in-counterclaim xpedx, a division of International Paper Company ("xpedx"), requests that a default judgment enter against the plaintiff/defendant-in-counterclaim, Powers Printing Co., Inc. ("Powers Printing"), in the amount of $100,452.52, plus statutory interest. As grounds for this motion, xpedx states as follows:

1. Powers Printing filed this action in the South Carolina Court of Common Pleas for Richland County on or about May 5, 2004, alleging breach of contract and misrepresentation in connection with the sale of certain printing equipment. A true and correct copy of the Complaint is attached as Exhibit 1.

2. On or about June 7, 2004, co-defendant AGFA Corporation removed the matter to the United States District Court for the District of South Carolina. On or about July 12, 2004, xpedx answered and counterclaimed, seeking recovery of $101,725.93 (this amount has since been revised downward slightly, to $100,452.52) for goods delivered, plus interest, from Powers Printing. A true and correct copy of xpedx's Answer and Counterclaim is attached as Exhibit 2.

3. On the same date, co-defendant, AGFA Corporation ("AGFA"), answered but also moved to transfer venue to the United States District Court for the District of Massachusetts. The motion to transfer venue was allowed on September 7, 2004. Both AGFA and xpedx have entered appearances before this Court.

4. Primarily through in-house counsel, xpedx communicated with counsel for Powers Printing during the first half of 2005 concerning a potential resolution of this matter. After counsel for Powers Printing informed xpedx that he was withdrawing from his representation of Powers Printing in the summer of 2005, xpedx communicated directly with Ralph Mechling, who is, upon information and belief, an officer of Powers Printing.

5. Because Mr. Mechling was no longer communicating with xpedx, on or about September 12, 2005, xpedx through counsel contacted Mr. Mechling, informed him that xpedx intended to go forward with its counterclaim in the above-captioned matter, and asked Mr. Mechling to have Massachusetts counsel enter an appearance. Affidavit of Brandon L. Bigelow ("Bigelow Aff."), ¶ 3. Xpedx also indicated its intention to file a motion to compel Powers Printing to enter an appearance in the above-captioned matter if no appearance had been entered by September 14, 2005. *Id.* A true and correct copy of a letter confirming the discussion between Mr. Mechling and counsel for xpedx is attached as Exhibit A to the Affidavit of Brandon L. Bigelow submitted in support of this motion.

6. On or about September 14, 2005, xpedx filed a Motion to Compel Plaintiff to Appear in the above-captioned matter. Bigelow Aff., ¶ 4. A copy of the Motion to Compel Plaintiff to Appear was served on Mr. Mechling via facsimile and first class mail. *Id*.

7. On or about September 19, 2005, this Court issued a notice of hearing and ordered that the parties appear for a status conference on October 11, 2005. Counsel for xpedx sent a copy of the Court's order to Mr. Mechling via facsimile and first class mail on September 20, 2005. Bigelow Aff., ¶ 5. A true and correct copy of the letter from counsel

for xpedx to Mr. Mechling concerning the status conference is attached as <u>Exhibit B</u> to the Bigelow Affidavit.

8. On October 11, 2005, counsel for xpedx and AGFA appeared before the Court as ordered to report on the status of the case. Powers Printing did not enter an appearance, or make any effort to contact counsel for xpedx or AGFA in advance of the status conference. The Court entered a Notice of Default on October 14, 2005. A true and correct copy of the Notice of Default is attached as <u>Exhibit 3</u>.

9. Powers Printing is a corporate entity, and therefore is not an infant or incompetent person. Bigelow Aff., ¶ 6.

10. Powers Printing is a corporate entity, and therefore is not a person in military service of the United States or its Allies as defined in Article I of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended. Bigelow Aff., ¶ 7.

11. The total amount of xpedx's claim for damages against Powers Printing is $100,452.52, plus interest. An account statement for Powers Printing dated June 14, 2004 reflecting an incorrect amount due of 101,725.93 was attached as <u>Exhibit A</u> to xpedx's Answer and Counterclaim. The amount due has been verified for purposes of this motion for default judgment, and an updated and slightly reduced account statement, reflecting an outstanding balance of $100,452.52, is attached as <u>Exhibit C</u> to the Affidavit of Brandon L. Bigelow submitted in support of this motion.

WHEREFORE, xpedx respectfully requests that the Court grant this motion for default judgment pursuant to Rule 55(b)(2), awarding xpedx $100,452.52, plus statutory interest.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that I conferred with Ralph Mechling, who upon information and belief is an officer of Powers Printing Co., Inc., on October 14, 2005 in an attempt to narrow the issues presented in this motion. I hereby certify that I conferred with Ray Mechling, who upon information and belief is an officer of Powers Printing Co., Inc., on October 15, 2005 in an attempt to narrow the issues presented in this motion.

Respectfully submitted,
**XPEDX,**
By its attorneys,

/s/ Brandon L. Bigelow
John R. Skelton, BBO #552606
Brandon L. Bigelow, BBO #651143
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
(617) 951-8000

Dated: October 17, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon each party appearing pro se and the attorney of record for each other party by mail and electronically via the CM/ECF system on October 17, 2005.

/s/ Brandon L. Bigelow
Brandon L. Bigelow

- 4 -

LITDOCS/618409.1