UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                           )
POWERS PRINTING COMPANY, INC.,             )
    Plaintiff                              )
                                           )         CIVIL ACTION
    v.                                     )         NO. 04-12041-REK
                                           )
AGFA CORPORATION and                       )
XPEDX,                                     )
    Defendants                             )
                                           )
_____        )

**Memorandum and Order**
November 30, 2005

### I.  Pending Matters

Pending for decision are matters related to the following filing:

(1) Motion for Default Judgment by Defendant/Plaintiff-in-Counterclaim, xpedx (Docket No. 31, filed October 17, 2005).

### II. Factual and Procedural Background

On May 5, 2004, plaintiff Powers Printing Company, Inc. ("Powers") filed a civil action in the Court of Common Pleas for Richland County, South Carolina.  On June 7, 2004, this civil action was removed to the United States District Court for the District of South Carolina pursuant to Section 1332(a) of Title 28 of the United States Code.  (Docket No. 1.)  The case was then transferred to the United States District Court for the District of Massachusetts on September 22, 2004.  (Docket No. 26.)

Plaintiff is a small printing business located in Spartanburg, South Carolina.

Plaintiff alleges that, due to defendants' misrepresentations, plaintiff was persuaded to purchase printing equipment from defendants as well as to hire defendants to install, service, and maintain this equipment. Plaintiff alleges that defendants failed to install, service, or maintain the equipment properly for over a year after plaintiff purchased it and that, as a result of the negligent misrepresentations and breach of contract, plaintiff suffered damages in the form of lost revenue, loss of customer accounts, loss of valued employees, increased costs of consumable items, increased managerial time, loss of business reputation, and the cost of the service contract. (Complaint, attached to Docket No. 1.)

Defendants are AGFA Corporation ("AGFA") and xpedx, a division of International Paper Company ("xpedx"). AGFA admits to providing plaintiff with proofing and platemaking equipment and software and entering into a Hardware System Maintenance and Software Support Agreement (the "Agreement") with plaintiff for the service, maintenance, and training for that equipment. AGFA claims, however, that it provided timely service and all necessary training and that plaintiff's damages are due to deficiencies and mistakes made by plaintiff's employees. AGFA has also filed a counterclaim against plaintiff for breach of contract, in which AGFA alleges that plaintiff has refused to pay amounts due pursuant to the Agreement. (Docket No. 8.)

Xpedx denies making any representations about AGFA's products or being responsible for the installation of AGFA's products or any training associated with the products. Xpedx has also filed a counterclaim against plaintiff for monies owed for goods xpedx delivered to plaintiff. (Docket No. 7.)

On September 15, 2005, xpedx filed its Motion to Compel Plaintiff to Appear,

alleging that plaintiff's failure to appeal before this court had prevented parties from holding the required Rule 16(b) scheduling conference and had prevented xpedx from pursuing its counterclaim. (Docket No. 29.) At a hearing on October 11, 2005, at which plaintiff failed to appear, I ordered default.

### III. Analysis

Xpedx moves pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for a default judgment against Powers in the amount of $100,452.52, plus statutory interest. This amount is a slight reduction from the $101,725.93 requested in xpedx's original Answer and Counterclaim. (Docket No. 31, Exh. 2.) This new, lower figure reflects the outstanding balance on Powers' account with xpedx. (Docket No. 31, Exh. C.)

Rule 55(a) of the Federal Rules of Civil Procedure permits the court to enter a party's default when the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). Rule 55(b)(2) provides that, in all cases other than those in which plaintiff's claim "is for a sum certain or for a sum which can by computation be made certain," Fed. R. Civ. P. 55(b)(1), the opposing party may apply to the court for a judgment by default after a default has been entered. Fed. R. Civ. P. 55(b)(2). Judgment by default is appropriate in this case since plaintiff has failed to defend against xpedx's counterclaim and since xpedx has met the Rule 55(b)(2) requirement of serving written notice on Powers. See id. I have thus already ordered a default and now must determine the damages to be awarded as part of the default judgment.

Rule 55(b)(2) allows the court to "conduct such hearings or order such references as it deems necessary and proper" to render a complete and effective judgment. Id. I do not believe that any such hearing or order will be necessary since xpedx's lawyer has provided me with an affidavit that attests to his attempts to contact Powers and the amount that Powers still owes for goods delivered by xpedx. (See Docket No. 31, Exh. 3.) I therefore award xpedx $100,452.52, plus statutory interest. This interest is to be calculated according to Section 1961(a) of Title 28 of the United States Code, which provides that the interest on a money judgment in a civil case "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

The parties should note that this judgment is not the equivalent of a final judgment on all claims and defenses of all parties. AGFA has not yet filed a motion for default judgment, and until I am presented with such a motion or a motion from any party other than xpedx for a judgment, this case will remain open.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Motion for Default Judgment by Defendant/Plaintiff-in-Counterclaim, xpedx (Docket No. 31) is ALLOWED; and

(2) Judgment is ordered as follows:

   (i) judgment for xpedx on its counterclaim;

   (ii) xpedx is awarded $100,452.52 in damages, plus statutory interest.

                                               /s/Robert E. Keeton
                                                   Robert E. Keeton
                                      Senior United States District Judge